## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| JONATHAN CULVER, THOMAS HEAPE, ROY THOMAS EIDSON, ANASTASIA COX, CORDELIA GOBER, and JOSHUA LAWSON, individually and on behalf of all similarly-situated persons, | Civil Action No. |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| ATM RESPONSE, INC., and CLAYTON BRASWELL, | |
| Defendants. | |

## <u>COLLECTIVE ACTION COMPLAINT</u>

Plaintiffs Jonathan Culver, Thomas Heape, Roy Thomas Eidson, Anastasia Cox, Cordelia Gober, and Joshua Lawson (collectively "Plaintiffs") bring this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of all current or former non-exempt employees employed by Defendants ATM Response, Inc. ("ATM Response") and Clayton Braswell (collectively "Defendants") during the statutory period who Defendants misclassified as independent contractors and deprived of overtime wages. In violation of the FLSA and as a regular and routine practice, Defendants willfully

failed to pay Plaintiffs and similarly-situated persons overtime for all hours worked in excess of 40 hours per week.  Instead, during the relevant time period, Defendants misclassified Plaintiffs and those similarly situated as independent contractors and paid them straight time for all on-the-clock hours worked, including all recorded time worked in excess of 40 hours per week.  Plaintiffs show the Court as follows:

## NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1.      This is a collective action for unpaid overtime wages under the FLSA. Plaintiffs bring the action on behalf of themselves and other current and former ATM Response employees whom Defendants improperly classified as independent contractors and failed to pay overtime wages for time worked in excess of 40 hours per week within the three years prior to the filing of this Complaint. This group of individuals includes the Plaintiffs and all employees of Defendants similarly situated to them and is referred to throughout the Complaint as the "FLSA Collective."

2.      Plaintiffs allege that Defendants applied policies and practices to Plaintiffs and their fellow FLSA Collective members pursuant to which Defendant: (a) improperly classified them as independent contractors for FLSA purposes, (b) encouraged and/or knowingly permitted them to work more than 40 hours per week, and (c) intentionally failed to pay them one-and-one-half their regular rate of pay for time they worked in excess of 40 per week.

3.     Plaintiffs and other similarly-situated persons who choose to opt into this action pursuant to 29 U.S.C. § 216(b) (the "Collective Action") are entitled to recover: (i) unpaid overtime wages, (ii) liquidated damages, and (iii) their attorneys' fees and costs.

## JURISDICTION AND VENUE

4.     This is an action for unpaid overtime wages under the FLSA. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

5.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within Northern District of Georgia.

## PARTIES

6.     Defendant ATM Response is a for-profit Georgia corporation that is licensed to conduct business in Georgia. ATM Response is headquartered at 3475 Corporate Way, Suite D, Duluth, Georgia 30096.

7.     ATM Response may be served with process via its registered agent: Clayton Braswell, 3475 Corporate Way, Suite D, Duluth, Georgia 30096.

8.     ATM Response and Clayton Braswell were the employers of Plaintiffs and the other FLSA Collective members under the FLSA at all times relevant to this Complaint.

9.      Defendant Clayton Braswell is the owner and Chief Executive Officer of ATM Response. Mr. Braswell conducts business in the Northern District of Georgia.  On information and belief, Mr. Braswell is a Georgia resident.

10.      At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11.      Upon information and belief, Defendant ATM Response had gross annual revenues in excess of $500,000.00 at all relevant times.

12.      At all relevant times, Defendant Clayton Braswell asserted control of Defendant ATM Response's day-to-day operations, had ultimate responsibility for the supervision of Plaintiffs and similarly-situated persons, and made the decision not to pay Plaintiffs and similarly-situated persons overtime wages as required by the FLSA, and is therefore an employer within the meaning of the FLSA.

13.      Defendants employed Plaintiff Jonathan Culver from approximately 2005 to August 2020. His last position was Route Manager. Plaintiff Culver's Consent to Become a Party-Plaintiff to this action is included in Exhibit A to this Complaint.

14.      Defendants employed Plaintiff Thomas Heape from approximately August 1, 2016 to August 7, 2020. His last position was Assistant Vault Manager.

Plaintiff Heape's Consent to Become a Party-Plaintiff to this action is included in Exhibit A to this Complaint.

15.    Defendants employed Plaintiff Roy Thomas Eidson as an ATM Service Technician from approximately May 2017 to March 5, 2020. Plaintiff Eidson's Consent to Become a Party-Plaintiff to this action is included in Exhibit A to this Complaint.

16.    Defendants employed Plaintiff Anastasia Cox as an ATM Service Technician from approximately December 2018 to February 2020.  Plaintiff Cox's Consent to Become a Party-Plaintiff to this action is included in Exhibit A to this Complaint.

17.    Defendants employed Plaintiff Cordelia Gober as an ATM Service Technician from approximately August 2019 to August 21, 2020. Plaintiff Gober's Consent to Become a Party-Plaintiff to this action is included in Exhibit A to this Complaint.

18.    Defendants employed Plaintiff Joshua Lawson from approximately 2010 to December 28, 2019. His last position was Field Training Officer and Supervisor. Plaintiff Lawson's Consent to Become a Party-Plaintiff to this action is included in Exhibit A to this Complaint.

## COLLECTIVE ACTION ALLEGATIONS

19.    Plaintiffs bring this action on behalf of themselves and all other similarly-situated employees pursuant to 29 U.S.C. § 216(b).

20.    Plaintiffs and similarly situated individuals:

    a.  are or were employed by Defendants at any time within the period beginning three years prior to filing this action (the "relevant time period");

    b.  were misclassified by Defendants as independent contractors; and

    c.  worked more than 40 hours per week during some or all weeks within the relevant time period but did not receive overtime premium pay at one-and-one-half their regularly hourly rate, as required by the FLSA.

This group of persons is the "FLSA Collective."

21.    Plaintiffs and members of the FLSA Collective were paid by the hour. Plaintiff and members of the FLSA Collective did not and do not meet the criteria for any recognized exemption to the FLSA's overtime requirements.

22.    The FLSA Collective is so numerous that individual joinder of all members is impracticable and would not further the intent of 29 U.S.C. § 216(b). The precise number of persons within the FLSA Collective is unknown, and the information permitting a determination of the number of FLSA Collective members

lies within the sole possession of Defendants.  However, there are, upon information and belief, more than 40 members of the FLSA Collective, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

23.    Plaintiffs will fairly and adequately protect the interests of the members of the FLSA Collective and have retained counsel experienced and competent in wage and hour law and collective action litigation.

24.    Questions of law and fact common to the members of the FLSA Collective predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members of the FLSA Collective.

25.    Members of the FLSA Collective are similarly situated under the FLSA because, *inter alia*:

    a.  Defendant applied a policy and practice common to the FLSA Collective by misclassifying members of the FLSA Collective as independent contractors

    b.  Defendant required, encouraged and/or knowingly permitted members of the FLSA Collective to work more than 40 hours per week;

c. FLSA Collective members worked more than 40 hours per week during one or more weeks within the relevant time period; and

d. Defendant failed to pay FLSA Collective members overtime compensation at a rate of one-and-one-half their regular rate of pay.

## STATEMENT OF FACTS

26.   Defendant ATM Response is in the business of servicing and maintaining automatic teller machines ("ATMs") as well as providing other cash services to clients.

27.   Throughout the relevant time period and until approximately June 2020, Defendants misclassified Plaintiffs and other FLSA Collective members as independent contractors.

28.   Defendants' misclassification of Plaintiffs and other FLSA Collective members as independent contractors applied throughout the relevant time period until approximately June 2020, when Defendants reclassified their workforce as employees.

29.   From approximately 2005 to August 2020, Defendants employed Plaintiff Culver. His last position was Route Manager. During all relevant times, Defendants misclassified Plaintiff Culver as an independent contractor.

30.    Plaintiff Culver's duties as Route Manager included, but were not limited to, setting up routes, going out on routes, and fielding customer phone calls.

31.    Defendants required Plaintiff Culver to be in the office from at least 9:00 a.m. to 5:00 p.m. each workday.   Plaintiff Culver's work for Defendants frequently required him to work longer hours than scheduled.

32.    Defendants required Plaintiff Culver to take phone calls related to Defendants' business at all times, including after work hours, the middle of the night, and while on vacation, but only paid him for the time that he worked in the office.

33.    Throughout the period of time that Defendants misclassified Plaintiff Culver as an independent contractor, Defendants paid him a set hourly rate for all time worked in the office (but not out of the office), including all time worked in excess of 40 hours per week. Plaintiff Culver's last hourly rate was $26.50 per hour.

34.    During the period of employment with Defendants when he was misclassified as independent contractor, Plaintiff Culver never received overtime pay at one-and-one-half his regular rate for time that he worked in excess of 40 hours per week.

35.    Plaintiff Culver complained to Defendants about not receiving overtime pay. Nevertheless, Defendants continued to violate the FLSA and failed to pay Mr. Culver overtime at the required rate.

36.    Throughout Plaintiff Culver's employment with Defendants, he worked substantial overtime hours and regularly worked well in excess of 40 hours per week. Some of these overtime hours were recorded, although Defendants failed to pay Mr. Culver compensation for times in which he worked out of the office.

37.    Defendants' records will demonstrate, in part, Plaintiff Culver's time worked in excess of 40 hours per week for which Defendants did not pay him one-and-one-half his regular rate.

38.    Defendants employed Plaintiff Heape from approximately August 1, 2016, to August 7, 2020. His last position was Assistant Vault Manager.

39.    Plaintiff Heape typically worked five 12-hour shifts per week, though he occasionally worked as many as 17 hours in a single workday.

40.    Plaintiff Heape's duties included but were not limited to: using the Defendants' software to track the status of vaults and ATMs serviced by Defendants; managing the deployment of ATM Service Technicians each morning; assisting the Vault Manager; and providing some IT support.

41.    Plaintiff Heape often took phone calls relating to Defendants' business while at home and off of the clock.

42.    Throughout the period in which Defendants misclassified Plaintiff Heape as an independent contractor, Defendants paid him a set hourly rate for all time worked. His last hourly rate was $20.00 per hour.

43.    During his employment with Defendants when he as misclassified as an independent contractor, Plaintiff Heape never received overtime pay at one-and-one-half his regular rate for time worked in excess of 40 hours per week.

44.    Defendants employed Plaintiff Eidson as an ATM Service Technician from approximately May 2017 to March 5, 2020.  Between approximately May 2017 and September 2019, Defendants employed Mr. Eidson part-time as an ATM Service Technician.

45.    While Plaintiff Eidson was employed by Defendants part-time, he was misclassified as an independent contractor and occasionally worked in excess of 40 hours per week.

46.    From approximately September 2019 until March 5, 2020, Defendants employed Plaintiff Eidson full-time as an ATM Service Technician.

47.    While Plaintiff Eidson was employed by Defendants full-time, he was misclassified as an independent contractor and regularly was scheduled to work five 10-hour to 12-hour shifts per week.  During this time period, Mr. Eidson did in fact regularly work well in in excess of 40 hours per week.

48.    Plaintiff Eidson's duties as an ATM Service Technician included, but were not limited to, delivering money to ATMs, receiving payouts from Defendants' customers, and working the service routes assigned by Defendants.

49.    Throughout the period in which Defendants misclassified Plaintiff Eidson as an independent contractor, Defendants paid him a set hourly rate for all time worked. His last hourly rate was $20.00 per hour.

50.    During his employment with Defendants, Plaintiff Eidson never received overtime pay at one-and-one-half his regular rate for time worked in excess of 40 hours per week.

51.    Defendants employed Plaintiff Cox as an ATM Service Technician from approximately December 2018 to February 2020. During that time period, Defendants misclassified Ms. Cox as an independent contractor.

52.    Plaintiff Cox was regularly scheduled to work five to six 10-hour to 15-hour shifts per week, and she regularly did in fact work well in excess of 40 hours per week.

53.    Plaintiff Cox's duties as an ATM Service Technician included, but were not limited to, servicing her assigned routes using vehicles provided by Defendants, replenishing ATMs, and picking up currency from and delivering currency to Defendants' customers.

54.     Throughout the period in which Defendants misclassified Plaintiff Cox as an independent contractor, Defendants paid her a set hourly rate for all time worked.  Her last hourly rate was $15.00 per hour.

55.     During her employment with Defendants, Plaintiff Cox never received overtime pay at one-and-one-half her regular rate for time worked in excess of 40 hours per week.

56.     Defendants employed Plaintiff Gober as an ATM Service Technician from approximately August 2019 to the August 21, 2020.

57.     From approximately August 2019 to June 2020, Defendants misclassified Plaintiff Gober as an independent contractor.

58.     Throughout Plaintiff Gober's employment with Defendants, Defendants regularly scheduled her to work in excess of 40 hours per week and Plaintiff Gober did in fact work in excess of 40 hours per week.

59.     Plaintiff Gober's duties as an ATM Service Technician included, but were not limited to, driving vehicles provided by Defendants, loading currency into ATM machines, and maintaining and repairing ATMs.

60.     Throughout the period of time in which Defendants misclassified her as an independent contractor, Defendants paid Plaintiff Gober a set hourly rate for all time worked. Her last rate of pay is $14.00 per hour.

61.    During her employment with Defendants when she as misclassified as an independent contractor, Plaintiff Gober never received overtime pay at one-and-one-half her regular rate for time worked in excess of 40 hours per week.

62.    Defendants employed Plaintiff Lawson from approximately 2010 to December 28, 2019. His last position was Field Training Officer and Supervisor. During this period of time, Defendants misclassified Mr. Lawson as an independent contractor.

63.    Plaintiff Lawson typically worked 13 hours per day, five days per week as a Field Training Officer and Supervisor. There were times that Mr. Lawson worked as many as 70 hours per week.

64.    Plaintiff Lawson's duties as a Field Training Officer and Supervisor included, but were not limited to, establishing an office for Defendants in North Carolina, handling personnel issues, training, and managing state qualification requirements.    Throughout the period in which Defendants misclassified Mr. Lawson as an independent contractor, Defendants paid him a set hourly rate for all time worked. His last hourly rate was $20.00 per hour.

65.    During his employment with Defendants as a Field Training Officer and Supervisor, Plaintiff Lawson never received overtime pay at one-and-one-half his regular rate for time worked in excess of 40 hours per week.

66.    Although the above-described workweeks were typical for Plaintiffs throughout their employment with Defendants, Plaintiffs did not maintain their own records of their work hours and cannot state precisely an exact number of hours they worked in each specific workweek during the relevant time period.

67.    On information and belief, Defendants possess records of the time worked by Plaintiffs' and other members of the FLSA Collective, with the exception of those hours which Defendants forced Plaintiffs and members of the FLSA Collective to work off the clock.

68.    Despite Defendants' knowledge of overtime worked by Plaintiffs and members of the FLSA Collective members, Defendants continued their FLSA-Collective-wide practice of classifying Plaintiffs and members of the FLSA Collective as independent contractors. Defendants required, encouraged, and knowingly permitted Plaintiffs and members of the FLSA Collective to work overtime hours, and failed to pay Plaintiffs and members of the FLSA Collective required overtime premium pay when they worked overtime hours.

69.    Plaintiffs and other members of the FLSA Collective worked at Defendants facilities, and/or in the field at the direction of, and using equipment provided by, Defendants.

70.    Defendants directed Plaintiffs' and other FLSA Collective members' day-to-day job activities including, without limitation: setting their regular work schedules, setting their rates of pay, assigning their work, and determining their work location.

71.    Defendants provided materially all the investment in the facilities and equipment Plaintiffs and other FLSA Collective members used to perform their jobs, including providing: the means of transportation required to travel to ATM service locations, such as work vehicles; the tools necessary to service ATM machines; the work facilities at its corporate campuses; the software systems Plaintiffs and other FLSA Collective members used while working; computers and phones; training; and email.

72.    Plaintiffs and other members of the FLSA Collective made little if any investment in Defendants' business enterprise.

73.    Plaintiffs and other members of the FLSA Collective were compensated by the hour.

74.    Although the hourly rates paid to Plaintiffs and other members of the FLSA Collective varied, Defendants' policy and practice of compensating Plaintiffs and other FLSA Collective members on an hourly basis applied to all members of the FLSA Collective, as did Defendants' policy of failing to pay Plaintiffs and

16

members of the FLSA Collective at one-and-one-half their regular rate for all time worked in excess of 40 hours per week during the time period that they were misclassified as independent contractors.

75.    Plaintiffs' and other FLSA Collective members' wages depended entirely on the number of hours they worked at the rates set by Defendants. Managerial skill and individual initiative were not material factors in Plaintiffs' and other FLSA Collective members' compensation because, *inter alia*, their job duties were assigned and controlled by Defendants, Defendants controlled their schedules, and they were compensated based on the number of hours they worked.

76.    Plaintiffs and other members of the FLSA Collective worked substantial hours in excess of 40 per week as required by Defendants.

77.    Defendants knew or should have known that Plaintiffs and other members of the FLSA Collective members worked substantial hours in excess of 40 per week.  Indeed, Defendants had actual knowledge of the time worked in excess of 40 hours per week because Defendants paid Plaintiffs and members of the FLSA Collective straight time for most hours worked, with the exception of those hours Defendants required to be worked off the clock.

78.    Defendants did not compensate Plaintiffs and other members of the FLSA Collective members for all time worked in excess of 40 hours per week at the rate required by the FLSA, which is one-and-one-half their regular rate.

79.    Defendants' failure to pay Plaintiffs and other members of the FLSA Collective one-and-one-half their regular rates of pay for the time that they worked in excess of 40 per week was pursuant to a policy and practice Defendants intentionally applied to Plaintiffs and members of the FLSA Collective.

**COUNT I**
**(Individual FLSA Claims Asserted by All Plaintiffs)**
**<u>Willful Failure Pay Overtime in Violation of the FLSA</u>**

80.    Plaintiffs incorporate by reference all preceding paragraphs of the Complaint as if fully restated here.

81.    Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA by failing to pay Plaintiffs overtime at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week.

82.    At all relevant times, Plaintiffs and other members of the FLSA Collective were engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

83.    The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs.

84.    At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

85.    Throughout the relevant time period, Defendants misclassified Plaintiffs as independent contractors.

86.    Throughout the relevant time period, Plaintiffs regularly worked in excess of 40 hours per week.

87.    Throughout the relevant time period, Defendants failed to pay Plaintiffs at one-and-one-half their regular rate for time worked in excess of 40 hours per week.

88.    As a result of Defendants' willful failure to compensate Plaintiffs at one-and-one-half their regular rate for hours worked in excess of 40 per week, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

89.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

90.    Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

91.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages for all of the hours that they worked in excess of 40 per week, an additional and equal amount as liquidated damages for Defendants' willful violations of the FLSA, interest, reasonable attorneys' fees, and costs of litigation.

**COUNT TWO**
**(Collective FLSA Claims)**
**<u>Willful Failure to Pay Overtime Wages in Violation of the FLSA</u>**

92.    Plaintiffs reassert and incorporate by reference all preceding paragraphs of the Collective Action Complaint.

93.    Plaintiffs seek to represent the following collective group of non-exempt employees who Defendants failed to pay all overtime wages due:

> All employees who worked for Defendants within three years prior to the filing of Plaintiffs' Collective Action Complaint and who Defendants misclassified as independent contractors and failed to pay overtime at one-and-one-half their regular rate for time worked in excess of 40 hours per week.

This is the "FLSA Collective."

94.    At all relevant times, in the course of Defendants' business operations, Defendants' employees, including Plaintiffs and members of the FLSA Collective, have handled or otherwise used materials that have been moved or produced in interstate commerce.

95.    At all relevant times, Defendants were "employers" of Plaintiffs and the FLSA Collective, as that term is defined by 29 U.S.C. § 203(d).

96.    Defendants are governed by and subject to 29 U.S.C. § 207.

97.    The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs and the FLSA Collective.

98.    The FLSA requires employers, such as Defendants, to compensate employees such as Plaintiffs and members of the FLSA Collective at a rate of one-and-one-half the regular rate of pay for all hours worked in excess of 40 in each workweek.

99.    Defendants required Plaintiffs and members of the FLSA Collective to work substantially more than 40 hours per workweek.

100.    As a systemic practice, Defendants (a) misclassified Plaintiffs and members of the FLSA Collective as independent contractors and (b) failed pay Plaintiffs and members of the FLSA Collective at one-and-one-half their regular rate when they worked in excess of 40 hours per week.

101.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

102.   Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the FLSA Collective.

103.   Defendants are liable to Plaintiffs and members of the FLSA Collective for (a) unpaid overtime wages for each workweek within the limitations period; (b) an additional and equal amount of liquidated damages for Defendants' violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all members of the Collective who join this action demand a **TRIAL BY JURY** and the following relief:

a.   Designation of this action as a collective action and prompt issuance of notice, pursuant to 29 U.S.C. § 216(b), to all FLSA Collective members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c.   Application of the FLSA's three-year statute of limitations;

d.   An award of unpaid overtime compensation due under the FLSA;

e.   An award of liquidated damages;

f.  An award of prejudgment and post-judgment interest;

g.  An award of costs and expenses of this action together with reasonable

attorneys' and expert fees; and

h.  Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 27th day of August 2020.

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
Michael David Forrest
Georgia Bar No. 974300
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiffs