## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| JONATHAN CULVER, THOMAS HEAPE, ROY THOMAS EIDSON, ANASTASIA COX, CORDELIA GOBER, and JOSHUA LAWSON, individually and on behalf of all similarly-situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>ATM RESPONSE, INC. and CLAYTON BRASWELL,<br><br>Defendants. | Civil Action No. 1:20-cv-03551-TWT<br><br>**JURY TRIAL DEMANDED** |

### JOINT MOTION FOR ORDER AND FOR STIPULATED JUDGMENT APPROVING THEIR COLLECTIVE SETTLEMENT AGREEMENT

Named Plaintiffs Jonathan Culver, Thomas Heape, Roy Thomas Eidson, Anastasia Cox, Cordelia Gober, and Joshua Lawson (collectively the "Named Plaintiffs"), on behalf of themselves and the Opt-In Plaintiffs (collectively, "Plaintiffs"), and Defendants ATM Response, Inc. and Clayton Braswell (collectively, "ATM Response" or "Defendants," and collectively with Plaintiffs, the "Parties") hereby file this Joint Motion for Order and for Stipulated Judgment Approving their Collective Settlement Agreement. The Parties respectfully request

that the Court approve their settlement of collective allegations of unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"). In support of their joint motion, the Parties show the Court as follows:

**I.   STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY**

    **A.   PLEADINGS, INFORMAL DISCOVERY, AND SETTLEMENT**

Named Plaintiffs filed their Collective Action Complaint and Consent to Join forms on August 27, 2020. (Doc. Nos. 1 and 1-1) Named Plaintiffs claim, on an individual and collective basis, that Defendants misclassified them as independent contractors, that they regularly worked more than 40 hours per week during the relevant time period and that Defendants violated the FLSA by failing to pay Named Plaintiffs and other employees at one-and-one-half their regular rates of pay for overtime hours. Instead, Named Plaintiffs allege, Defendants paid straight-time for overtime hours. Plaintiff Culver additionally alleges that he worked off the clock for Defendants for which time he received no compensation and did not receive overtime pay.

Defendants filed their Answer on November 3, 2020. (Doc. No. 19) Defendants deny liability and deny that any violations of the FLSA were willful and instead claim that any violations were in good faith.

2

On November 16, 2020, Named Plaintiffs filed a First Amended Collective Action Complaint (Doc. No. 20), in which, in addition to the allegations in the original Collective Action Complaint, Plaintiff Lawson alleged that Defendants retaliated against him in violation of the FLSA because he engaged in the protected activity of filing this Action.

On December 22, 2020, the Court granted the Parties' Consent Motion for Conditional Certification and Stay of Discovery (Doc. No. 26). Following the Court's Order, Court-approved Notices and Consent to Join forms were sent to the putative Collective. In total, in addition to the six Named Plaintiffs, 31 individuals joined the action prior to and during the Notice period; three of these individuals were later dismissed without prejudice after the Parties determined that they did not work overtime hours while classified as independent contractors during the relevant time period.

Starting in May 2021, Defendants provided detailed time and payroll data for the Named Plaintiffs and the Opt-In Plaintiffs for the relevant time period, along with their calculations of hours worked and overtime. Declaration of Justin M. Scott ("Scott Decl."), at ¶ 12. Plaintiffs' Counsel conducted their own analysis and thereafter exchanged calculations regarding overtime worked and overtime damages for all Plaintiffs. *Id*. at ¶ 13.

Based on Defendants' time and pay records, Plaintiffs calculate that all Plaintiffs are owed a total of $133,792.86 for the period of time Plaintiffs were classified as independent contractors during the relevant time period, without liquidated damages.[1] In the settlement, Defendants have agreed to pay a total amount of $265,000.00, of which $180,353.84 will be paid to the Plaintiffs, the consequence of which is that all Plaintiffs will receive a gross amount that is approximately 134% of the overtime Plaintiffs calculate they are owed. The payment to each individual Plaintiff, described in Exhibit A to the Agreement, is based on the individual's (a) actual overtime hours worked, as recorded by Defendants, and (b) regular rate while classified as an independent contractor during the relevant time period. *Id*. at ¶ 18.

The Agreement also provides for an additional payment to Plaintiff Culver to resolve his off the clock claims in the amount of $5,000.00, an additional payment to Plaintiff Lawson to resolve his retaliation claim in the amount of $12,500.00, and attorneys' fees and costs in the amount of $67,146.16. *Id*. at ¶ 16. These amounts were negotiated after the $180,353.84 payment to all Plaintiffs was agreed upon. *Id*. With the exception of Plaintiff Culver, who is releasing his off-the-clock claims, and Plaintiff Lawson, who is releasing his FLSA retaliation claim, Plaintiffs are only

---

[1] Defendants calculate the amount of overtime owed as $120,627.10.

releasing their wage-and-hour claims, including overtime claims, for the statutory period in which they were classified as independent contractors. *Id*. at ¶ 18; *see* Collective Settlement Agreement attached hereto as Exhibit 1. This is a narrowly-tailored release; there is no general release. *Id*. Additionally, there is no confidentiality or non-disparagement provision. *Id*.

## II.   ARGUMENT AND CITATION OF AUTHORITY

In order to have an enforceable release of FLSA claims in this Circuit, the Court must review and approve agreements settling alleged violations of the FLSA. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 702–14 (1945); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982) (holding claims for back wages arising under the FLSA may be settled or compromised only with approval of the Secretary of Labor or the court). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Accordingly, the Parties are submitting a copy of the Agreement for the Court's review and approval. A proposed Order approving the Agreement and entering the stipulated judgment is attached hereto as Exhibit 2.

### A.     APPROVAL OF PAYMENTS TO PLAINTIFFS

In order to approve a settlement of overtime claims proposed by an employer and an employee, a court must determine that the settlement "is a fair and reasonable [resolution] of a bona fide dispute" of the claims raised pursuant to the FLSA. *Id.* at 1355. There is a strong presumption in favor of finding a settlement fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that Eleventh Circuit "favor[s] and encourage[s] settlements in order to conserve judicial resources."). The Eleventh Circuit has detailed the circumstances that justify court approval of an FLSA settlement in a litigation context as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354. In determining whether the settlement is fair and reasonable, courts sometimes examine the factors used in approving the settlement of class actions under Federal Rule of Civil Procedure 23:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See e.g.*, *Prieto v. Scheeler's Cafe De Marco, Inc.*, 2017 WL 359220, at *1 (M.D. Fla. Jan. 9, 2017) (citing *Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014)); *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Garcia v. Riccy's Landscaping Servs., Inc.*, 2009 WL 347418, at *2 (M.D. Fla. Feb. 11, 2009); *Hitchcock v. Orange Cty., Fla.*, 2006 WL 3614925, at *3 (M.D. Fla. Dec. 11, 2006). As set forth below, examination of each of these factors shows that the terms of the Agreement are fair, adequate, and reasonable, and should be approved by the Court.

### 1.     **The Agreement Was Not a Product of Collusion.**

Defendants produced their time and pay records for the Plaintiffs for the relevant time period, which is the time period during the statute of limitations when Plaintiffs were classified as independent contractors. Scott Decl. at ¶ 12. This

exchange allowed Plaintiffs' counsel to make a thorough, and painstaking, assessment of the damages in this action based on those records, and to challenge Defendants' calculations regarding overtime hours worked and overtime pay owed. *Id*. at ¶ 13.

On June 8, 2021, following exchange of information and calculations, the Parties engaged in a lengthy, full-day mediation with respected mediator Dan Klein. Thus, the settlement in this case is the ultimate result of arm's-length negotiations by Parties who were well represented by experienced counsel and made aware of all potential outcomes.

Under the terms of settlement (if approved), the 34 Plaintiffs would receive the total collective amount of $180,353.84, which is approximately 134% of the overtime Plaintiffs calculate is owed for the full 3-year statutory period, based on Defendants' records. *Id.* at ¶ 16. If this litigation continued, Defendants would contest liability, oppose a finding of willfulness, and contend that the two-year period for non-willful violations should apply.

Defendants deny any liability under the FLSA and deny that Plaintiffs are entitled to any recovery in this lawsuit; however, without admitting liability and solely for the purposes of avoiding ongoing costs of litigation, Defendants have agreed to make the settlement payments reflected in the Agreement.

### 2. The Complexity, Expense, and Likely Duration of the Litigation.

The Agreement allows Plaintiffs to take a substantial recovery now, without suffering the delay and risk of litigating the claims, damages, and defenses. In this case, further litigation would be time-consuming and expensive, including significant discovery of all Parties concerning willfulness and liquidated damages, and potential appeals. Material areas of dispute would include whether Plaintiffs could make the showing of willfulness to achieve the three-year statute of limitations, and whether Defendants could demonstrate good faith to defeat claims for liquidated damages. Attorneys' fees and costs in this case would only have continued to exponentially increase for both sides if the case had not settled.

### 3. The Stage of the Proceedings and the Amount of Discovery Completed.

This factor considers whether the parties have had the opportunity to fully evaluate the claims. *Carnegie v. Mut. Sav. Life Ins. Co.*, 2004 WL 3715446, at *19 (N.D. Ala. Nov. 23, 2004); *see Meyer v. Citizens & S. Nat'l Bank*, 677 F. Supp. 1196, 1212 (M.D. Ga. Jan. 21, 1988).

In this case, the Parties exchanged material discovery to facilitate settlement, including Defendants' production of the Plaintiffs' time and pay records. Scott Decl. at ¶¶ 12-13. Given the nature of the claims in the case—that Plaintiffs were paid

straight-time for overtime hours worked but not the overtime premium during the relevant time period in which Defendants classified them as independent contractors—the necessary information to evaluate damages and liability was: (1) the number of overtime hours worked during the relevant period; (2) the actual compensation of members of the Plaintiffs during the relevant time period; and (3) the individual regular rates of pay for members of the Collective during the relevant time period.  Defendants provided all of this information prior to Plaintiffs making any settlement offer.  Plaintiffs' counsel analyzed the data in great detail, and Defendants' time and pay records provided the basis for all subsequent negotiations.  Consequently, the Parties have had sufficient information upon which to assess the potential merits of the case, liability and damages, and the risks attendant to continued litigation.

### 4. The Probability of Plaintiffs' Success on the Merits.

Plaintiffs are confident they would prevail on the merits of the FLSA claims if the case were to proceed.  However, Defendants have denied that they willfully violated the FLSA and have asserted the "good faith" defense to liquidated damages under 29 U.S.C. § 260.  In order to ultimately prove that a three-year statute of limitations should apply, Plaintiffs would have to demonstrate that Defendants willfully violated the FLSA.  Relatedly, in order to prove entitlement to liquidated

damages, Plaintiffs would have to defeat Defendants' showing of good faith. This settlement reaches a compromise of these issues: a three-year statute of limitations applies, and Plaintiffs will receive approximately 134% of the overtime owed based on Defendants' records to account for a partial payment of liquidated damages.

### 5. The Range of Possible Recovery.

"[T]here is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion. . . ." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

As summarized above, the Parties dispute the amount of overtime damages to which Plaintiffs would be entitled, the applicable statute of limitations, and the presence or absence of liquidated damages. Based on Defendants' records, and Plaintiffs' calculations derived therefrom, if Plaintiffs prevailed on every claim at trial (likely years from now), proved willfulness, and defeated Defendants' good faith defense, the maximum recovery to Plaintiffs based on the overtime damages and liquidated damages would be $267,585.72; Plaintiffs could also seek attorneys' fees and costs. The total payment of $180,353.84 to Plaintiffs now without the length, risk, and expense of litigation—which, again, pays 134% of all overtime

11

owed based on Defendants' records over the three-year period—is a very good result.

### 6. Counsels' Opinions.

Based on what the Parties learned through informal discovery and from close analysis of Defendants' records, the Parties negotiated a fair settlement for the Plaintiff and the Collective. By settling, Plaintiff and the Collective avoid: burdensome discovery; substantial and indefinite delay in payment involved in having to wait for trial and any appeals; potential adverse determinations on the statute of limitations and liquidated damages issues outlined above; and potential issues with judgment collection following years of expensive litigation. Counsel for both Parties therefore recommend approval of this settlement and represent herein that the settlement is fair, beneficial, and equitably allocated among the Plaintiffs.

### 7. The Additional Settlement Payments to Plaintiffs Culver and Lawson.

The additional claims of Plaintiffs Culver and Lawson were negotiated at arm's length after the total settlement to the group of Plaintiffs was agreed upon and represent a good faith compromise of bona fide disputes. Plaintiff Culver alleges that, in addition to not being paid overtime for recorded hours worked in excess of 40 per workweek, he worked off the clock for Defendants, for which he received no compensation. As this time was off the clock, there are no records of it, which leads

to evidentiary issues not present for the vast majority of the overtime claims in the case. Defendants vigorously dispute this off the clock work. Plaintiffs calculated, based on Plaintiff Culver's best estimates, that he was owed an additional $7,825.37 in overtime pay. Defendants deny that Plaintiff Culver is owed any additional amount. The additional payment to Plaintiff Culver of $5,000.00 is a reasonable compromise of this dispute.

Plaintiff Lawson alleges that, although he resigned his full-time employment with Defendants in approximately December 2018, he continued to work on an on-call, as-needed basis for Defendants until he filed this lawsuit, after which Defendants both discontinued his work and destroyed his tool set. Defendants steadfastly deny any retaliation. Plaintiffs calculate that Plaintiff Lawson has out-of-pocket losses stemming from this alleged retaliation in the total amount of $11,328.77 and lost income in the amount of $4,200.00. The additional settlement payment to Plaintiff Lawson of $12,500 is a reasonable compromise of this dispute.[2]

### B. APPROVAL OF PAYMENT OF ATTORNEYS' FEES

The Agreement provides that Defendants shall pay Plaintiffs' attorneys' fees and costs in the total amount of $67,146.16. *See* Exhibit 1; Scott Decl. at ¶ 16. This

---

[2] Plaintiffs' Counsel reduced the amount of attorneys' fees and costs that would be due under a lodestar analysis to increase the payment available to Plaintiff Lawson.

amount is based on, and is actually less than, the actual attorneys' fees and costs the Plaintiffs' Counsel incurred pursuing this case on behalf of Plaintiffs, based on reasonable attorney rates that have been approved by Courts in this district. *Id.* at ¶¶ 16, 22. The Parties request that the Court approve this payment of attorneys' fees and costs.

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are mandatory for prevailing plaintiffs in FLSA cases. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). A party is a "prevailing party" for purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989).

"As explained by the Eleventh Circuit, when a statute or rule of law permits an award of reasonable attorney's fees to the prevailing party, a court should utilize the lodestar method in computing the appropriate fees." *Grimes v. Se. Rests. Corp.*, No. 1:12-CV-150 (WLS), 2013 WL 4647374, at *2 (M.D. Ga. Aug. 29, 2013), *citing Norman v. Hous. Auth. of the City of Montgomery, Ala.,* 836 F.2d 1292, 1298–99 (11th Cir. 1988). In assessing the reasonableness of a fee application, courts address

a number of factors, which include: (1) the time and labor required; (2) the novelty and difficulty of the relevant questions; (3) the skill required to properly carry out the legal services; (4) the preclusion of other employment by the attorney as a result of his acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the clients or the circumstances; (8) the results obtained, including the amount recovered for the clients; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the clients; and (12) fee awards in similar cases. *See George v. Acad. Mortg. Corp.*, 369 F. Supp. 3d 1356, 1376 (N.D. Ga. 2019).

Here, the amount requested is based on the actual attorney work performed in achieving the result for the Plaintiffs at counsel's ordinary rates and actual costs incurred. Scott Decl. at ¶¶ 16, 22. And again, Plaintiffs' Counsel's lodestar is actually greater than the amount requested; Plaintiffs' Counsel took a reduced amount to increase the amount paid to Plaintiff Lawson and has worked substantial hours after the settlement was reached. *Id.* The results obtained for Plaintiffs are very good, the collective action is a complex and nuanced vehicle for vindicating employee wage-and-hour rights, and the time spent pursuing this action on behalf of Plaintiffs prevented Plaintiffs' Counsel from performing work in other cases. Scott

Decl. at ¶ 24.

While Plaintiffs' Counsel's arrangement with Plaintiff was a contingency fee (as it must be in order to take these cases), it is routine for counsel in FLSA actions to be awarded the lodestar as opposed to the set contingency fee rate. Moreover, that the fee arrangement was contingency further weighs in favor of awarding Plaintiffs' Counsel the amount requested because counsel undertook the risk that the firm might receive no compensation if the case proved unsuccessful. Plaintiffs' Counsel submits, and Defendants do not contest, that all time spent on the action was reasonable and necessary to secure the outcome. Scott Decl. at ¶ 23.

## III.  CONCLUSION

For the reasons set forth above and for good cause shown, the Parties respectfully request that this Court enter the Order attached hereto as Exhibit 2 approving the Agreement (Exhibit 1 hereto) by stipulated judgment and retaining jurisdiction to enforce the Agreement.

Respectfully submitted this 7th day of July 2021.

| | |
|---|---|
| */s/ Justin M. Scott* | */s/ Mary Trachian-Bradley* |
| Justin M. Scott | Mary Trachian-Bradley, Esq. |
| Georgia Bar No. 557463 | Georgia Bar No. 774440 |
| Michael D. Forrest | Byron M.G. Sanford, Esq. |
| Georgia Bar No. 974300 | Georgia Bar No. 005055 |
| Scott Employment Law, P.C. | Briskin, Cross & Sanford, LLC |
| 160 Clairemont Avenue | 33 S. Main Street, Suite 300 |
| Suite 610 | Alpharetta, GA 30009 |

Decatur, GA 30030  
Telephone: 678.780.4880  
Facsimile: 478.575.2590  
jscott@scottemploymentlaw.com  
mforrest@scottemploymentlaw.com  

Counsel for Plaintiffs

(770) 410-1555  
bsanford@briskinlaw.com  
mtrachian@briskinlaw.com  

Counsel for Defendants

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this document was prepared in compliance with LR 5.1, N.D. Ga. This document was prepared in Times New Roman 14-point font.

<u>*s/ Justin Scott*</u>
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to all attorneys of record.

*/s/ Justin Scott*
Counsel for Plaintiffs
