# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JONATHAN CULVER, THOMAS HEAPE, ROY THOMAS EIDSON, ANASTASIA COX, CORDELIA GOBER, and JOSHUA LAWSON, individually and on behalf of all similarly-situated persons, | Civil Action No. 1:20-cv-03551-TWT |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| ATM RESPONSE, INC. and CLAYTON BRASWELL, | |
| Defendants. | |

## ORDER APPROVING COLLECTIVE ACTION SETTLEMENT

This case is before the Court for consideration of the Parties' Joint Motion for Order and for Stipulated Judgment Approving their Collective Settlement Agreement (Doc. No. 55). The Parties seek approval of a Collective Settlement Agreement (the "Agreement") (Doc. No. 55-1) under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), in which the Plaintiffs allege Defendants misclassified them as independent contractors and failed to pay them overtime at the rate required by the FLSA when they worked over forty (40) hours a week. Plaintiff

Culver additionally alleges that he worked "off the clock," resulting in additional overtime damages, and Plaintiff Lawson alleges retaliation in violation of the FLSA. The Agreement resolves the claims of all six Named Plaintiffs and 28 Opt-in Plaintiffs (collectively, "Plaintiffs"). After reviewing the record and the joint submission of the Parties, the Court **APPROVES** the Parties' settlement and enters the following Order.

The Court reviews an FLSA settlement to ensure it is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions.").

Having reviewed the Agreement, the Court finds that the settlement is fair and reasonable. The Court finds that the Agreement was negotiated at arm's length by represented Parties and is not the result of any collusion. The Agreement provides for a total payment of $265,000.00. The Agreement provides that, of this total amount, $180,353.84 will be paid out to Plaintiffs and that this amount represents

2

approximately 134% of the overtime due to Plaintiffs when they were classified as independent contractors during the statutory period, based on Plaintiffs' calculations. The Agreement further provides for an additional payment to Plaintiff Culver in the amount of $5,000 for his off the clock claim, an additional payment to Plaintiff Lawson in the amount of $12,500 for his retaliation claim, and payment of Plaintiffs' attorneys' fees and costs in the amount of $67,146.16.

With respect to the payment to the Plaintiffs, based on the submissions of the Parties, the Court finds that the amount is fair and reasonable. The Defendants deny liability, deny willfulness as to any FLSA violations under 29 U.S.C. § 255, and contend that they acted in good faith such that liquidated damages should not be assessed. The settlement amount will compensate all Plaintiffs with an amount that is approximately 134% of the overtime they are owed based on Plaintiffs' calculations made analyzing Defendants' records for the period of time within the statute of limitations in which Plaintiffs were classified as independent contractors. The agreed-upon settlement amount is the product of a good-faith compromise between the Parties on disputed issues of law and fact reached through arm's length negotiations by experienced counsel.

The Court further finds that the additional settlement payments to Plaintiffs Culver and Lawson each represent a good-faith compromise of a disputed claim.

Finally, the Court finds that the attorneys' fees and costs provided in the Agreement are reasonable. The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are mandatory for prevailing plaintiffs in FLSA cases. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). A party is a "prevailing party" for purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). "As explained by the Eleventh Circuit, when a statute or rule of law permits an award of reasonable attorney's fees to the prevailing party, a court should utilize the lodestar method in computing the appropriate fees." *Grimes v. Se. Rests. Corp.*, No. 1:12-CV-150 (WLS), 2013 WL 4647374 (M.D. Ga. Aug. 29, 2013), *citing Norman v. Hous. Auth. of the City of Montgomery, Ala.,* 836 F.2d 1292, 1298–99 (11th Cir.1988).

Here, the attorneys' fees and costs are lower than the lodestar amount based on Plaintiffs' Counsel's reasonable rates and hours worked, as well as Plaintiffs' Counsel's out-of-pocket costs. Plaintiffs' Counsel, experienced FLSA lawyers, achieved an excellent result for the Plaintiffs via the collective process, in a settlement that will pay the Plaintiffs more than the overtime due for the statutory

period. Plaintiffs' Counsel have not received any compensation for their work in the case and took the risk of no payment with an adverse outcome. Accordingly, the Court finds that the factors used in evaluating attorneys' fee awards in the Eleventh Circuit support the amount requested. *See George v. Acad. Mortg. Corp.*, 369 F. Supp. 3d 1356, 1376 (N.D. Ga. 2019).

Therefore, the Parties' Joint Motion for Order and for Stipulated Judgment Approving their Collective Settlement Agreement is hereby **GRANTED**, the settlement of the Parties is hereby **APPROVED**, and the terms of the Parties' Agreement are hereby incorporated into this Order.

Consistent with the terms of the Agreement, Defendants shall tender to Plaintiffs and Plaintiffs' Counsel all payments within the deadlines set forth in the Agreement. The Court hereby enters final **JUDGMENT** in this case and, there being no reason to delay entry of this final judgment, the Clerk of the Court is ordered to enter this final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and terminate the file. The Court retains jurisdiction over the action only to the extent necessary to oversee and enforce the terms of the settlement.

Following completion of the administration and payment of the settlement, the Parties shall file a stipulation of dismissal with prejudice.

**SO ORDERED** this __8th__ day of ___July___, 2021.

*/s/ Thomas W. Thrash*
The Honorable Thomas W. Thrash, Jr.
Judge, United States District Court